{¶ 60} I respectfully dissent. I cannot reconcile the jury's finding of "not guilty" on the possession of a concealed weapon charge with the finding that appellant somehow "tampered" with the very same weapon. You cannot have it both ways. In order to tamper with any object, you must, by definition, have it in your possession.
 {¶ 61} As stated by the Supreme Court of Ohio:
 {¶ 62} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `"thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony.[1] `The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'."[2] [3]
 {¶ 63} I believe this is just such an exceptional case. Appellant exited the vehicle after he was asked to do so by Officer Mackey. The evidence was clear that the weapon was indeed in the vehicle in the area where appellant had been sitting. Sitting as a thirteenth juror, I cannot accept the proposition that these undisputed facts support a conviction for tampering with evidence.
[1] Tibbs v. Florida (1982), 457 U.S. 31, 42.
[2] State v. Martin (1983), 20 Ohio App.3d 172, 175.
[3] State v. Thompkins (1997), 78 Ohio St.3d 380, 387.